IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN SCOTT MAAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:20-cv-00051 |
| | ) | Judge Waverly D. Crenshaw, Jr. |
| BP EXPLORATION AND PRODUCTION, | ) | Magistrate Judge Alistair Newbern |
| INC. and BP AMERICA PRODUCTION | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR INTERLOCUTORY APPEAL**

---

1. Contrary to the Defendant's conclusory arguments contained in its Motion, this Court's ruling is not at all at odds with the core aspects of the Fifth Circuit or Sixth Circuit cases cited in this record, and in the Court's ruling on the summary judgment motion. BP's continuing, odd claim that Plaintiff has offered "no expert evidence" regarding the level and duration of exposure is particularly strange, in view of BP's failure to **ever** (even in the present motion) address this Court's ruling in *Adkisson* (342 F.Supp. 3d 791, USDC ED Tennessee—see quote at Page 800, the opposite of BP's argument), in which the specific issue of "level and duration" in the "toxic tort" context was the precise issue. In an entirely conclusory manner, BP has attempted to offer as an inapplicable comparison, the Fifth Circuit appellate cases where the Court **properly** affirmed summary judgment dismissals. In those cases, the plaintiffs had consistently failed to present the type of toxic tort evidence now offered by Mr. Maas. **There is not a single case cited by the Defendant (Fifth Circuit, or otherwise) in which a BELO plaintiff has offered the**

**medical testimony of a medical clinician and researcher, whose personal laboratory research and practice have been focused on the chemical Corexit.**

      2.      Against the backdrop of the foregoing comment, Plaintiff notes that the Defendant does not mention in its motion for interlocutory appeal an important point that should be considered at this stage. Based on the premises briefly noted above, Plaintiff has a pending motion to exclude all six of the Defendant's disclosed experts. That pending evidentiary expert exclusion motion should be dispositive of the case issues. With every case cited (by both sides) emphasizing the (ultimately) medical aspect of both the general and specific causation issues, and with the **liability** issues now merged in the BELO order, BP has, again, oddly suggested that non-medically trained experts (PhDs and industrial hygienists) may refute the medical findings of a board-certified pulmonary physician and Corexit researcher. Defendant simply skirts that issue in its interlocutory application, as they have skirted any attempt to reconcile the *Adkisson* ruling with the self-serving conclusions contained in their summary judgment motion and repeated in the motion for interlocutory appeal. As emphasized in Plaintiff's exclusion motions, not one of the Defendant's six disclosed experts (note that they exceed the local rule limit of three) reveals in their Rule 26 disclosure or (more importantly) in their voluminous CVs, any direct experience whatsoever with the chemical "Corexit." That salient, pivotal point is simply skirted by BP in both its summary judgment motion, and in the request for an interlocutory appeal. Instead, BP's almost laymans-level approach in this Court is to broadly claim that "the Fifth Circuit has it right, and this Court somehow has it wrong." Even if *Adkisson* were not available to dispose of that conclusory series of general arguments, the Sixth Circuit decisions confirm two threshold points: (1) Dr. Antony is the only true "Corexit" **medical** expert before this Court; and (2) if Plaintiff's motion to exclude Defendant's patently-unqualified experts is granted, the matter will proceed to trial only

on the issue of damages, as Defendant will have no evidence to refute the **medical** opinions of Dr. Antony. Instead, BP now requests that the Court presume that the exclusion motion will be denied. BP has not yet undertaken any effort in this record to answer the motion (which is based on multiple factors) to refute Plaintiff's claims. Is BP suggesting that the Court should attempt to move through the "disfavored" process of an interlocutory appeal, and then, thereafter, consider whether or not BP's experts are qualified and (more importantly, on the credibility issues) possess a "trustworthy" foundation to their general, self-serving, non-medical opinions?

       3.      **While repeatedly referencing the applicability of 28 U.S.C. § 1292(b) as the basis for its entitlement to an interlocutory appeal, BP undertakes no effort in its memorandum to cite the treatises and case law which describe the standard for the Court's review of that rarely-authorized relief.** That is because those authorities consistently recommend against such extraordinary relief, particularly under circumstance where the Defendant is effectively arguing a fact issue, rather than a legal dispute. Concisely, while attempting to generally frame the issue as a <u>legal consideration</u>, a closer look at BP's argument confirms otherwise. Their repeated reference to cases like *McGill* (Defendant's memorandum, Doc. 120 at Page ID 1431) is an example of BP's odd argument. In arguing that McGill somehow confirms that this Court is applying an incorrect <u>legal</u> standard, **BP knows very well that, in the *McGill* case, the Plaintiff offered no general causation expert at all in that case**, much less an expert with the Corexit-based medical research and clinical credentials of Dr. Antony. Why would BP suggest to this Court that its summary judgment ruling is incorrect, and invoke the *McGill* decision as authority for the overall accuracy of the 5th Circuit rulings, when it is as clear as possible to any reader of that case (even a layman) that it is a comparison of apples and oranges. There was a "legal issue" failure by the Plaintiff in *McGill*. There is none in the present case. *If Adkisson* is

somehow incorrect, and *if* this Court's analysis in the summary judgment ruling is incorrect, Defendant BP has failed to cite a single case from any jurisdiction which supports that conclusion. Where is the authority for BP's claim that, as a matter of law, all of the 5th Circuit rulings cited by BP should control this Court's determination, when they have not quoted wording from any case in which a failed Plaintiff had attempted to offer the "general causation" … "toxic tort" <u>medical evidence</u> of the type now offered by Plaintiff Maas? Again, oddly, it must be noted that BP argues against this Plaintiff in its present motion a problem that is actually fatal to BP's position, as Plaintiff hopes will be determined in the rulings on the Defendant's experts.

4. While BP skirts past the review standard applicable to this Court's summary judgment decision in its present motion for a good reason, it may be concisely described by the following quotation from the <u>Federal Civil Rules Handbook</u>, Part VI, Appellate Procedure, Sec. 6.2 at Page 1483:

> **Discretionary Interlocutory Appeals (28 U.S.C. § 1292(b))**.
>
> "The district court may, in the exercise of its discretion, choose to certify certain, non-final, interlocutory orders as eligible for immediate appellate review. Such certification by the district court does not require the court of appeals to hear the immediate appeal; rather, the court of appeals also have discretion to reject interlocutory appeals, and may do so for almost any reason (including docket congestion).
>
> Certification by the district judge is not routinely granted ("Hen's Teeth Rare"), and is reserved for "exceptional cases." Litigants seeking such certification bear a heavy burden. Liberal grants of interlocutory appeals are "bad policy," and threaten the appropriate division of responsibility between the federal trial and appellate courts. The purpose of the procedure is to avoid protracted litigation, to assure the quick resolution of complicated legal issues, and to allow appellate review of ephemeral **<u>questions of law</u>** that could be lost in the context of a complete and final record. The procedure was not intended to serve as a mere error-correction function."

Thereafter, the above treatise emphasizes that, unless the legal error cited is entirely dispositive of the seeking party's position, the entire case should proceed to trial and thereafter be reviewed by the appellate court.

5. Concisely stated, the threshold question is this: How has BP attempted to carry that "Hen's Teeth Rare" heavy burden in the present matter? They have done so by citing factually-inapplicable Fifth Circuit cases that involve no toxic tort expert similar to Dr. Antony—<u>not one!</u> And, in a general and self-serving manner, they have attempt to claim to this Court that it is somehow (never specific) a purely legal issue. Plaintiff responds by stating that there is, indeed, a "purely legal issue" before the Court regarding the proof that would be sufficient under the toxic tort standard, but, that legal issue is pending <u>only</u> in the Plaintiff's motion to exclude Defendant BP's patently-inadequate (mostly non-medical) witnesses. If Plaintiff were incorrect on that assertion, BP would have already provided to this Court a description of how they boldly offer *McGill* as authority for their position (ignoring *Adkisson*), when BP knows very well that *McGill* offered no general causation expert at all. In the other cases cited, the Plaintiffs, as a matter of <u>law</u>, made the same mistake. Plaintiff Maas has not made that mistake.

6. Defendant BP's failure to cite applicable case law that interprets 28 U.S.C. § 1292(b) is also understandable, as virtually every reported 6th Circuit case emphasizes the points adopted by Plaintiff in arguing against an interlocutory appeal. The possibility of mootness alone (in the context of the pending motion to exclude Defendant's experts) is sufficient to weigh against certification. *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, at 1031 (6th Circuit 1994). The policies weighing heavily against interlocutory appeal issues that are core components to any eventual "appeal as of right" are well-established. *Morrison-Knudsen Company, Inc. v. Archer*, 655 F.2d 962, at 965 (9th Circuit 1981); *Sinclair v. Schriber*, 834 F.2d 103, at 105 (6th Circuit

1987); also, see *Firestone Tire and Rubber Company v. Risjord*, 449 U.S. 368 (1981), which is referenced in the 6th Circuit discussions.

7. **Summary**: For the foregoing reasons, the request for an interlocutory appeal should be denied. Please note, in a very telling manner, that this Court's most recent analysis of the "toxic tort standard," as it relates to "level and duration of exposure," continues to be omitted by BP from the legal discussion. It does not appear in either the summary judgment motion, or in the interlocutory claim that the factually and legally inapposite 5th Circuit cases should, for some reason, preempt *Adkisson* and the cases cited by Plaintiff and the Court in the summary judgment evaluation. *McGill* is oddly cited (despite the deficiencies noted above) on pages 2, 5, and 6 of BP's eight-page memorandum, with no acknowledgment to this Court that the summary judgment discussion in *McGill* occurred in the context of the Plaintiff's argument that his "specific" causation witness also adequately provided "general" causation proof. It is a patent apple and oranges comparison.

Respectfully Submitted,

**BURGER, SCOTT & McFARLIN**

/s/Wm. Kennerly Burger
**Wm. Kennerly Burger, BPR #3731**
Attorney for Plaintiff
12 Public Square North
Murfreesboro, TN 37130
Telephone: (615) 893-8933
Facsimile: (615) 893-5333
kenburger@comcast.net

## CERTIFICATION OF SERVICE

      An exact copy of the above has been forwarded by e-mail and regular U.S. mail to the following: Howard E. Jarvis, 12144 Southwick Circle, Farragut, TN 37934 (hjarvis@maronmarvel.com); Chan E. McLeod, 1020 Highland Colony Parkway, Suite 400, Richland, MS 39157 (cmcleod@maronmarvel.com), on this 2$^d$ day of January, 2022.

      /s/Wm Kennerly Burger
      **Wm Kennerly Burger**